# EXHIBIT 2

**PATTON BOGGS** LLP

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

June 13, 2012

Robert D. Luskin
202-457-6190
rluskin@pattonboggs.com

**VIA FAX**

William Bock, III
General Counsel
United States Anti-Doping Agency
5555 Tech Center Drive
Suite 200
Colorado Spring, CO  80919

Dear Bill:

Yesterday evening, we received notice that USADA is asking its Review Board to authorize USADA to open a formal action against our client, Lance Armstrong, and others for alleged doping violations over a 14-year period from 1996-2010. According to the notice, the allegations covered Mr. Armstrong's affiliation with the USPS, Discovery, Astana, and Radio Shack teams. The assertions in the letter are allegedly supported by the testimony of more than ten cyclists as well as team employees and are also allegedly corroborated by blood collections from Mr. Armstrong in 2009 and 2010.

We understand that, contemporaneously, you have shared copies of your allegations with the WTC and USA Triathlon. As you well appreciate and obviously intended, by sharing these allegations, Mr. Armstrong has been suspended immediately from competing in triathlon events, even though the allegations have not yet even been preliminarily reviewed by the Anti-Doping Review Board (and the Review Board has not authorized USADA to pursue them), much less been tested through a genuine adversary process before an independent fact finder.

Finally, your letter notes that Mr. Armstrong declined to cooperate with your investigation, but fails to accurately characterize our conversation last week, our readiness to meet with you to discuss the scope of the investigation, the concerns we have expressed about the process and USADA's conduct, or our request that issues related to the conduct of USADA need to be submitted to and reviewed by the USADA Audit and Ethics Committee under the applicable rules of USADA.

I can't say that any of this – the ridiculous acceptance of allegations unsupported by evidence, your rush to punish first and adjudicate later, or your egregious mischaracterization of our interactions last week – surprises us. Nor are we surprised that, although you allege what you



William Bock, III
June 13, 2012
Page 2

repeatedly describe as a long-running and wide-ranging conspiracy involving four different teams, the only rider whom you charge is Mr. Armstrong. The others, we can only assume, have traded their testimony against Mr. Armstrong for promises of absolution and anonymity. USADA and WADA, in particular, Mr. Tygart, Mr. Pound, and Mr. Howman, have long demonstrated their zeal to crucify Mr. Armstrong and, in their relentless pursuit, have lost any semblance of independence, neutrality, or fair play. We have learned the hard way not to underestimate USADA's obsession with Mr. Armstrong, and you have not disappointed us.

We understand that this matter has been forwarded to the USADA Anti-Doping Review Board for its consideration and that we have ten days in which to make a written submission for the Board's consideration. For that process to be more than a fig leaf, there must be a meaningful opportunity to address USADA's charges. Contrary to the assertions in your letter, the purpose of the review process is to provide the Review Board evidence that it can review and at the same time provide that evidence to the athlete so the athlete can respond and the Review Board can exercise some meaningful oversight over USADA. The Review Board process was established with a positive test in mind – and even when there is a positive test the athlete is entitled to all of the evidence about the positive test, chain of custody, etc. so the Review Panel can assess the strength of the case and the athlete can identify reasons the charges should not be brought. In this case, where USADA cannot identify any positive test, the need for presentation of all the evidence on which USADA intends to rely is even more important, otherwise athletes with positive tests will be protected while athletes who have never tested positive will be completely unprotected – that cannot have been what was intended when the USOC authorized USADA to conduct results management for United States athletes.

In particular, we ask that you immediately provide us with the following: First, the charges reflect that the doping allegations are "evidenced by the data from blood collections obtained by the UCI from Lance Armstrong in 2009 and 2010." As you well know, Mr. Armstrong was never told contemporaneously that he had ever failed any test; to the contrary, he successfully passed every test administered to him during that period, as he has passed every test that was ever administered. Under USADA's protocols, you are required to furnish us with copies of any "laboratory documentation," and these should also be furnished to the Review Board. Particularly when these alleged results are entirely inconsistent with prior reports, your compliance with your obligations is essential to any meaningful review. Second, you state repeatedly that your allegations of doping are supported by the testimony of more than 10 riders, as well as other team employees. Amazingly, however, not one of these individuals is charged or even identified. The Board cannot conceivably conduct a meaningful review and we cannot protect Mr. Armstrong's rights without knowing who is saying what about events that allegedly occurred over the course of a decade and a half. Even at this preliminary stage, your reliance on secret witnesses making deliberately vague charges is unconscionable. Your insistence on keeping the identity of your accusers and the details of their accusations a secret forecloses any possibility of meaningful review, and it appears that was your purpose.

5242748



William Bock, III
June 13, 2012
Page 3

In addition, as you admit, most of the allegations concern 1998 to 2004, more than eight years ago, and outside the applicable statute of limitations period. You also make allegations about use of performance enhancing drugs before 1996, a period of time more than sixteen years ago. As the basis for this request that the Review Board authorize you to bring a case based primarily on events outside the limitations period, you do not identify any lies to a USADA or CAS panel or other specific evidence that supports a wholesale ignoring of the statute of limitations. Besides the fact that the Hellebuyck case is merely a single arbitration decision that was decided the way USADA would like and is not precedent for this action, this is not a case like Hellebuyck in which both Mr. Hellebuyck and USADA were in agreement that the athlete had admitted to doping before the statute of limitations period, so there was no issue about the unfairness of forcing an athlete to try to prove his innocence of allegations about events that transpired more than eight years ago (in this case, some allegations about what occurred more than sixteen years ago).

Although you have summarily prevented Mr. Armstrong from competing, he remains a competitor. He has never shrunk from a fair fight, particularly to defend his name and his accomplishments. But as things stand, you have orchestrated something that gives the appearance of justice without any of its basic attributes: meaningful notice of the accusations, the identity of the accusers, and the basic documents that support any charges. We ask that you immediately furnish that information to us and to the Review Board so that this process is something more than a review in name only.

Yours sincerely,

Robert D. Luskin

5242748