# EXHIBIT 6

**PATTON BOGGS** LLP

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

June 16, 2012

Robert D. Luskin
202-457-6190
rluskin@pattonboggs.com

**VIA FAX**

William Bock, III
General Counsel
United States Anti-Doping Agency
5555 Tech Center Drive
Suite 200
Colorado Springs, CO 80919

Dear Bill:

I am writing in response to your letter of June 15, 2012, which we received this morning. Your letter states that it is in reply to our letters of June 8 and June 13, 2012, but it addresses some of the issues that we raised in our letter to you of June 15, 2012 and the attached letter of the same date to the USADA Review Board, as well. As an initial matter, we would be grateful if you could clarify whether last night's letter is intended as a complete response to our letters of June 8, 13, and 15.

Your letter leaves more than a few issues conspicuously unaddressed:

First, our letter of June 15, 2012, included as attachment 3 a letter addressed to the USADA Anti-Doping Review Board, with a request that you forward it to its members, who are known to you but concealed from us. Your response includes a long, misleading, and self-serving description of the Board's purpose and authority, which is inconsistent with the letter and spirit of your own Protocol and other documents. Notably, however, you do not say whether you have forwarded our letter to the Board, as we requested. It is frankly difficult for me to imagine that USADA could be so craven that it would refuse to share our letter with the Review Board. But your track record in this matter requires that we leave nothing to chance. Please respond.

Second, your letter includes copies of some longitudinal testing information from Mr. Armstrong from 2009 and 2010 on which you purport to rely. Thank you for sharing that information. We assume that this is, indeed, all of the objective data on which you rely. If not, please furnish the balance immediately. We also assume that the 10-day period to file a submission with the Board should begin to run from today, when we received this data, rather than June 12, when we received your letter summarizing the proposed charges that did not include any evidence. Please clarify.

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

William H. Bock, III
June 16, 2012
Page 2

Third, you accuse me in your letter of seeking the identities of witnesses as a "transparent effort to further bully and intimidate them." It is nothing of the sort, and your accusation is frankly offensive. My public reference to a "corrupt bargain" refers to the manner in which USADA has sought, bought and secured incriminating testimony against Mr. Armstrong in violation of federal law. The other riders and non-rider witnesses are as much victims of USADA's misconduct as Mr. Armstrong. Our interest in knowing the names of the other witnesses arises from a basic concern – familiar to anyone who understands the role of the adversary process in finding the truth – to ensure that the Board review is meaningful. You have distorted the doping review process so it is not about evaluating documents about a positive test, but is based primarily (almost exclusively) on statements you claim have been made by anonymous witnesses. Understanding that it is impossible to address or review undisclosed statements by anonymous witnesses is not rocket science. We obviously need to know the names of the witnesses and what they said. In prior cases in which USADA has asked a Review Board to recommend charges based on alleged admissions or testimony by others, it is our understanding that such information has been provided to the accused before or at the same time as the accused received USADA's submission to the Review Board. It appears that USADA's vendetta against Lance Armstrong has so clouded your judgment that you are ready to deprive him of all rights and protections afforded to other athletes. As you well know, the only witness whom you have identified, Dr. Martial Saugy, has publicly repudiated the allegations you have attributed to him. The Board would surely appreciate the opportunity to evaluate the merits of the allegations you have made, even if you do not. You observe that the Review process is not compulsory; but that is not a reason to render it completely pointless.

Fourth, you have attached a release form asking Mr. Armstrong to agree to make available test results that you do not currently have in your possession. Perhaps you are the only person on planet Earth who does not appreciate the rich irony of this request, coming, as it does, in the same letter in which you fiercely refuse to air any meaningful part of the evidence that you claim supports your charges. This is precisely the sort of issue that we were ready to discuss with you, had you not refused (and continued to refuse) to meet with us for any purpose other than a confession from Mr. Armstrong. We acknowledge your request, but, at least for the time being, it is useful only for the purpose of confirming that USADA is beyond embarrassment and clueless when it comes to fair play.

Finally, you appear to have rejected our request that our letters be transmitted to the USADA Audit & Ethics Committee, a request that you characterize as a "transparent" attempt to create a special set of rules for Mr. Armstrong. As you surely understand, our request for scrutiny by the Audit & Ethics Committee does not concern the merits (or lack thereof) of the allegations against Mr. Armstrong, but rather the egregious conduct of USADA and Mr. Tygart, in direct violation of federal law and in contravention of WADA rules. We do believe that witnesses have been "bullied and intimidated," as your letter suggest; but it is USADA officials, not Mr.

5243451



William H. Bock, III
June 16, 2012
Page 3


Armstrong or his lawyers, who are guilty of misconduct, and we have asked that your Audit & Ethics Committee to consider this evidence. It is hard to understand the point of having an Audit & Ethics Committee if those accused of having engaged in misconduct act as its gatekeepers. USADA's bylaws and ethics rules require the submission of these issues to the Audit & Ethics Committee because they concern the conduct of the USADA General Counsel and CEO. Your refusal to subject USADA's conduct from even internal scrutiny by both the Review Board and the Audit & Ethics Committee is – to borrow your favorite term – "transparent." It is also disgraceful. Please provide us with the name of the Chair of the Audit & Ethics Committee, so we can address these issues with him or her directly, unless, of course, the identity of the Chair, like the members of the Review Board, any of your witnesses, or your evidence, is also a secret.

I look forward to your response.

Yours sincerely,

Robert Luskin

5243451