# EXHIBIT 11

**PATTON BOGGS LLP**

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

June 26, 2012

Robert D. Luskin
202-457-6190
rluskin@pattonboggs.com

**VIA E-MAIL AND FAX**

USADA Anti-Doping Review Board
c/o William Bock, III
General Counsel
-and-
c/o Lisa McCumber
Testing Results Manager
United States Anti-Doping Agency
5555 Tech Center Drive
Suite 200
Colorado Springs, CO 80919

To the Members of the Anti-Doping Review Board:

    We write on behalf of Lance Armstrong in response to a communication that I received today at 2:43 pm eastern from Lisa McCumber, Testing Results Manager, USADA. Ms. McCumber informs us for the first time that USADA has made an additional submission to the Review Board—when, we do not know—and that Mr. Armstrong has essentially 24 hours to respond. Ms. McCumber does not identify who imposed this deadline, or any basis for why Mr. Armstrong is only given this short period to respond. This toxic combination of secrecy, arbitrariness, and grotesque manipulation of process is, unfortunately, just one of many violations of the USADA protocol reflected in this communication. Mr. Armstrong intends to respond to USADA's additional submission, which in fact confirms that USADA has no evidence against Mr. Armstrong, but can only meaningfully do so if the Review Board process is respected. He requests that the Review Board provide him that opportunity.

    First, and foremost, the USADA Protocol is unambiguous that an athlete is to be provided ten days to respond to a submission from USADA. *See* USADA Protocol 11(c)(iii). Since today is the first that Mr. Armstrong has been provided with the new information upon which USADA relies, the plain terms of the Protocol dictate that he be afforded ten days from June 26, 2012, to respond. The ten-day provision is an important one, as it affords the athlete the opportunity to respond meaningfully to USADA's submission. It further prevents the very type of sand-bagging that USADA attempts here, *i.e.*, providing a complaint without any evidence and then, after an athlete has made his timely submission in response, giving the athlete only 24 hours

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

USADA Anti-Doping Review Board
June 26, 2012
Page 2

to respond to the actual submission USADA asks the Review Board to consider. This is plainly improper and highly prejudicial.

Since Mr. Armstrong is currently banned from competing in WTC events as a result of USADA bringing its claim to the Review Board, there will be no prejudice to any entity from providing him until July 6, 2012 to respond. Moreover, failure to provide the time will be a substantial prejudice to Mr. Armstrong and a patent violation of the USADA Protocol. **Please let us know on or before 12:00 pm (noon) eastern June 27, 2012 that the Review Board will enforce the USADA Protocol and provide Mr. Armstrong until July 6, 2012 to respond to USADA's belated submission.**

Second, the purpose of the Review Board is to provide the athlete with an independent body of experts to review the adequacies of USADA's allegations. *See* Protocol 11(a). Ms. McCumber's communication raises serious question about whether USADA has compromised this independence. Her email confirms that USADA has engaged in *ex parte* communications with the Review Board. Mr. Armstrong was not contemporaneously aware that the Review Board had requested a further submission and is not aware even now of precisely what the Review Board communicated to USADA or of USADA's full response. We assume the Review Board informed USADA that it had not submitted any evidence to support its charges and then there were discussions or written communications between someone on behalf of the Review Board and someone on behalf of USADA about USADA providing an additional submission. Such *ex parte* communications compromise the independence of the Review Board, which is why Protocol 11(c)(ii) expressly contemplates that communicates from USADA to the Review Board must be copied to the athlete. Mr. Armstrong is entitled to an accounting of why this provision was breached, the extent of the breach, and all of the communications between USADA and the Review Board. Please provide this information as soon as possible per the Protocol so that Mr. Armstrong can consider it in his response. If oral communications between USADA representatives and the Review Board took place, we are entitled to and would request a written summary of those communications, including the time and participants.

I note that we raised this *ex parte* concern with USADA's General Counsel on Sunday, June 24, 2012, in light of statements Mr. Tygart had made to the press. *See* Letter from R. Luskin to W. Bock of June 24, 2012 (enclosed). I asked at that time that General Counsel Bock provide Mr. Armstrong with any information USADA had provided *ex parte* or to confirm that no such improper *ex parte* communications had occurred. Mr. Bock did not respond to my correspondence. We now know why: USADA had in fact engaged in *ex parte* communications, those communications were improper, and Mr. Bock did not want to provide Mr. Armstrong the opportunity (unless forced to do so by the Review Board) to respond to the new information. This is a plain violation of the USADA Protocol and any notion of fair play and due process.



USADA Anti-Doping Review Board
June 26, 2012
Page 3

Mr. Armstrong will be vindicated of these spurious allegations in any fair forum. Mr. Bock and USADA, however, appear determined to deny Mr. Armstrong that opportunity.

Third, we note that the communication from Ms. McCumber is as follows: "Is there any evidence consistent with USADA's allegations that is already in the public domain and would not subject any witness to a greater risk of intimidation or retaliation?" This confirms our view that, on the present record, the Review Board does not have evidence with which to recommend charges be brought. If it did, it would not request additional information. It also confirms our view that the Review Board cannot consider USADA's unnamed "witnesses" if those persons remain unidentified and Mr. Armstrong is not given a chance to understand what they allege and to respond to those allegations. We want to confirm that this is the position the Review Board will take. We also want to confirm that the Review Board did not intend by this statement to credit USADA's inflammatory, offensive, and wholly unsupported assertion that Mr. Armstrong would attempt to intimidate or retaliate against any witness.

Assuming that the Review Board will honor the Protocol and not consider evidence that Mr. Armstrong does not have the opportunity to rebut, Mr. Armstrong no longer understands what charges USADA is seeking to bring. USADA must conform its complaint to the information it has provided to the Review Board and Mr. Armstrong, *i.e.*, a complaint that does not rely on allegations made by undisclosed witnesses. While we will respond to the new submissions that USADA has made in due course, we note that, at a minimum, they do not support the wide-ranging allegations made in USADA's June 12, 2012 complaint. We therefore request that the Review Board instruct USADA to provide an updated complaint that makes reference only to allegations supported by the information it has provided to the Review Board and to which Mr. Armstrong can respond. That amended complaint must be stripped of any allegations that rely solely on the alleged, undisclosed testimony of unnamed individuals.

Fourth, the new submission by USADA indicates that it intends to rely on hearsay statements of Tyler Hamilton and Floyd Landis, two individuals who have made numerous contradictory statements concerning the events alleged in USADA's June 12, 2012 notice. We have previously requested that USADA provide to us, "any documentation of purported statements by witnesses, in any form whatsoever (e.g. affidavits, declarations, interview memorandum, interview notes), with respect to the allegations contained in the June 12th letter." Letter from R. Luskin to W. Bock of June 15, 2012. USADA has ignored that request. Common sense dictates, however, that USADA cannot pick and choose what statements from these individuals it chooses to submit to the Review Board. If USADA's contention is that it will rely on these individuals' statements, then it must provide all of their relevant statements, all evidence from USADA's investigation that disproves the allegations or shows they could not be confirmed and all other exculpatory information in USADA's possession or that USADA has had access to in its work with the FDA and federal prosecutors during the abandoned criminal



USADA Anti-Doping Review Board
June 26, 2012
Page 4

investigation, to the Review Board. We also demand to know what consideration or promises were made to these individuals in exchange for their testimony. Mr. Landis has previously, publicly confirmed that USADA inappropriately attempted to buy his testimony with the promise of a reduced penalty. *See* Floyd Landis, *Positively False: The Real Story of How I Won the Tour de France* at pages 207-209 (Simon & Schuster c. 2007) (Not surprisingly, USADA did not choose to forward this publicly available document to the Review Board). Mr. Armstrong is entitled to know what both of these individuals were ultimately offered and given, including, as examples, assistance with civil litigation, assistance in avoiding criminal prosecution, and, *inter alia*, reduced penalties.

    Finally, we do not understand Ms. McCumber's role. She is employed by USADA, but appears to send a communication on behalf of the Review Board, which is required to be an entity independent from USADA. We want to ensure that we have received a legitimate communication from the Review Board and that our responses are being communicated to the Review Board, a simple step that Mr. Bock previously refused. Please provide that assurance from the Review Board itself, not from an employee of USADA.

                                         Yours sincerely,

                                          Robert D. Luskin

Enclosure

cc:    John Ruger, USOC Athlete Ombudsman (via e-mail)

**PATTON BOGGS** LLP

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

June 24, 2012

Facsimile 202-457-6315
www.pattonboggs.com

**VIA EMAIL AND TELEFACSIMILE**

William Bock, III
General Counsel
United States Anti-Doping Agency
5555 Tech Center Drive
Suite 200
Colorado Springs, CO 80919

Dear Bill:

      As you know, we have repeatedly requested that USADA share with us the evidence that allegedly supports the proposed charges against Lance Armstrong, and we have requested assurances that we have been provided with any information or evidence that USADA has shared with the Review Board. *See* Protocol § 11.c.ii (requiring information that USADA shares with the Review Board to be "provided simultaneously to the Athlete . . . and the Athlete . . . shall be entitled to file a response with the Review Board."). You have flatly refused to share any information underlying the proposed charges other than certain blood data from 2009-2010 (and, simultaneously, refused to provide us with any analysis or expert review that supports the insinuation that the data is consistent with improper conduct by Mr. Armstrong). However, you have been less than forthright in clarifying whether USADA has shared with us all information that it has provided to the Board. Any such *ex parte* submission would violate the Protocol, be grotesquely unfair, contravene accepted notions of due process, and sabotage any meaningful review by the Board.

      On June 23, 2012, Travis Tygart, USADA's CEO, was quoted in *Cycling News* as follows: "USADA's CEO Travis Tygart stated that information has been submitted for review to the Anti-Doping Review Board (ADRB), 'and the ADRB will consider all submissions in accordance with the rules.'" *Cycling News*, June 23, 2012 ("Armstrong Attorneys Respond to USADA Charges."). We are naturally skeptical that any news account accurately reflects USADA's intentions. However, bitter experience makes us even more skeptical of USADA's conduct.

      Accordingly, please confirm immediately whether or not USADA has provided the Anti-Doping Review Board with any information or evidence of any kind, whether orally or in writing, other than the proposed charges furnished to us on June 12, 2012. If so, we demand that this information be provided to us promptly and that we be given sufficient

Washington DC  |  Northern Virginia  |  New Jersey  |  New York  |  Dallas  |  Denver  |  Anchorage  |  Doha  |  Abu Dhabi

**PATTON BOGGS**LLP
ATTORNEYS AT LAW

William Bock, III
June 24, 2012
Page 2

time to address any such material before the Review Board deliberates. In addition, because USADA has chosen to describe its charges as a conspiracy and has named multiple respondents, if any other respondent has provided the Review Board with any information that USADA or the Review Board believe constitutes evidence relevant to the charges against Lance Armstrong, we also demand that this information be provided to us promptly and that we be given sufficient time to address any such material before the Review Board deliberates.

Yours sincerely,

Robert D. Luskin