IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 JUL -9 PM 2: 45
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

LANCE ARMSTRONG,
           Plaintiff,

-vs-                                                    Case No. A-12-CA-606-SS

TRAVIS TYGART, in his official capacity as
Chief Executive Officer of the United States Anti-
Doping Agency, and UNITED STATES ANTI-
DOPING AGENCY,
           Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Lance Armstrong's Complaint [#1], his Motion for Temporary Restraining Order [#2], and his memorandum [#3] and exhibits [#4] in support thereof. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders DISMISSING Armstrong's complaint and motion WITHOUT PREJUDICE.

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "short and plain" statements of both the basis of the court's jurisdiction, and the plaintiff's legal claim for relief. Likewise, Rule 8(d)(1) states, "Each allegation must be simple, concise, and direct." The Supreme Court has recently held that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 prescribes a middle ground of specificity, not requiring "'detailed factual allegations,'" but demanding "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *id.* (quoting *Twombly*, 550 U.S. at 555), nor will a complaint rife with argument and "other things that a pleader, aware of and faithful to the command of the Federal Rules of Civil Procedure, knows to be completely extraneous," *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979). Ultimately, what Rule 8 demands is a short and plain statement of detailed *facts*, not a mechanical recital of boilerplate allegations, nor—as is more relevant here—a lengthy and bitter polemic against the named defendants.

Armstrong's complaint is far from short, spanning eighty pages and containing 261 numbered paragraphs, many of which have multiple subparts. Worse, the bulk of these paragraphs contain "allegations" that are wholly irrelevant to Armstrong's claims—and which, the Court must presume, were included solely to increase media coverage of this case, and to incite public opinion against Defendants. *See, e.g.*, Compl. [#1] ¶ 10 ("USADA's kangaroo court proceeding would violate due process even if USADA had jurisdiction to pursue its charges against Mr. Armstrong.").[1] Indeed, vast swaths of the complaint could be removed entirely, and most of the remaining paragraphs substantially reduced, without the loss of any legally relevant information.

Nor are Armstrong's claims "plain": although his causes of action are, thankfully, clearly enumerated, the excessive preceding rhetoric makes it difficult to relate them to any particular factual support. This Court is not inclined to indulge Armstrong's desire for publicity, self-aggrandizement,

---

[1] Contrary to Armstrong's apparent belief, pleadings filed in the United States District Courts are not press releases, internet blogs, or pieces of investigative journalism. All parties, and their lawyers, are expected to comply with the rules of this Court, and face potential sanctions if they do not.

or vilification of Defendants, by sifting through eighty mostly unnecessary pages in search of the few kernels of factual material relevant to his claims.

Accordingly, Armstrong's complaint, and his accompanying motion, are DISMISSED WITHOUT PREJUDICE, for failure to comply with the Federal Rules of Civil Procedure. The Court grants leave to amend, provided Armstrong can limit his pleadings to: (1) the basis for this Court's jurisdiction; (2) the legal claims he is asserting; (3) against which Defendants each claim is being made; (4) the factual allegations supporting each claim; (5) a brief statement of why such facts give rise to the claim; (6) a statement of the relief sought; and (7) why his claims entitle him to such relief.[2] Armstrong is advised, in the strongest possible terms, and on pain of Rule 11 sanctions, to omit any improper argument, rhetoric, or irrelevant material from his future pleadings.

Accordingly,

IT IS ORDERED that Plaintiff Lance Armstrong's Complaint [#1], and his Motion for Temporary Restraining Order [#2], are DISMISSED WITHOUT PREJUDICE to refiling;

IT IS FINALLY ORDERED that Armstrong shall file any amended complaint within TWENTY (20) DAYS of entry of this order, or this case shall be closed and dismissed for failure to prosecute, and for failure to comply with this Court's orders.

SIGNED this the 9th day of July 2012.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[2] The Court expresses no opinion whether Armstrong actually has a legally cognizable claim against Defendants; it concludes only that his current pleadings are insufficient under the Federal Rules of Civil Procedure.