# Exhibit 1 to USADA's Motion to Dismiss

## Appendix of Unsupported or Incomplete Factual Statements in the Amended Complaint[1]

| Allegation | Correction | Source for Correction |
|---|---|---|
| **1.** "USADA was created at the behest of the United States Government" Am. Compl. ¶ 15<br><br>"The federal government was instrumental in creating USADA in October 2000." Am. Compl. ¶ 31<br><br>"the United States government was instrumental in the creation of USADA" Am. Compl. ¶ 67 | USADA was created as the result of recommendations made by the United States Olympic Committee's Select Task For Externalization. | Affidavit drafted for *Armstrong v. SCA Promotions* arbitration by legal counsel for Lance Armstrong and signed by Travis Tygart, p. 1. Attached to Tygart's Affidavit in this arbitration submitted as Exh. 3 to USADA's Motion to Dismiss ("MTD").<br><br>Affidavit of USOC General Counsel Rana Dershowitz submitted as Exh. 2 to MTD. |
| **2.** "USADA is a signatory to the WADA Code" " Am. Compl. ¶ 15 | The USOC is also a signatory to the WADA Code. | Affidavit of USOC General Counsel Rana Dershowitz submitted as Exh. 2 to MTD. |
| **3.** "Throughout his twenty-plus year professional career, Mr. Armstrong has been subjected to 500 to 600 tests without a single positive test." Am. Compl. ¶ 16 | USADA has requested that Armstrong's counsel provide USADA the factual basis for this claim and Armstrong's counsel has, to date, refused. | June 15, 2012, Letter from William Bock to Robert Luskin (at p. 3) attached as Exh. 5 to the Affidavit of Tim Herman. (filed with this court on July 9, 2012) |
| **4.** "These agencies have tested for substances professional athletes are banned from using, including erythropoietin ("EPO"), anabolic steroids, and testosterone." Am. Compl. ¶ 16 | The vast majority of the tests conducted on Mr. Armstrong are unlikely to have been tested for EPO or anabolic steroids. Most of the tests on Mr. Armstrong are blood tests which are not typically direct tests for the presence of prohibited substances. Moreover, EPO testing of urine samples requires more expensive special testing that is not performed on a majority of urine samples collected. | Affidavit of Travis Tygart submitted as Exh. 3 to MTD. |
| **5.** "as [USADA and Mr. Tygart] intended, Mr. Armstrong was suspended from competing in WTC | USADA has long been on record in opposing rules which impose sanctions on athletes before they receive a hearing. | Affidavit of Travis Tygart submitted as Exh. 3 to MTD. |

---

[1] In this Appendix USADA undertakes to provide perspective on the allegations in the Amended Complaint by referring to materials in the record before the Court. The fact that USADA has not in this Appendix specifically addressed an allegation in the Amended Complaint should not be taken to mean that USADA concedes the accuracy of the allegation.

| Allegation | Correction | Source for Correction |
|---|---|---|
| events"  Am. Compl. ¶ 16 | Long before the Amended Complaint was filed USADA informed Mr. Armstrong's counsel that no USADA rule provided for the pre-hearing suspension of Mr. Armstrong. | June 15, 2012, Letter from William Bock to Robert Luskin (at p. 3) attached as Exh. 5 to the Affidavit of Tim Herman. |
| 6. "Prior to his retirement, Mr. Armstrong was eligible to compete in sanctioned cycling events through yearly international licenses he obtained from UCI."  Am. Compl. ¶ 22 | The annual license applications made by Armstrong were submitted to USA Cycling and relied upon by both USA Cycling and the UCI. | License applications attached to Affidavit of Molly Tomlonovic submitted as Exh. 4 to MTD. |
| 7. "Defendants purport to charge, and exercise jurisdiction over, Mr. Armstrong pursuant to the UCI Anti-Doping Rules ("UCI ADR") in effect during the period between 1999 and 2012."  Am. Compl. ¶ 23<br><br>"Defendants purport to derive authority to bring disciplinary proceedings against Mr. Armstrong from UCI's rules."  Am. Compl. ¶ 78 | USADA quite plainly charged Armstrong not only with violations under the UCI ADR but also with violations under the World Anti-Doping Code, the USADA Protocol, the USOC National Anti-Doping Policies and the USA Cycling Anti-Doping Rules. | June 28, 2012, Letter from Lisa McCumber (at pp. 1-2) attached as Exh. 13 to the Affidavit of Tim Herman. |
| 8. ". . . Defendants have no agreement to arbitrate these disciplinary proceedings with Mr. Armstrong."  Am. Compl. ¶ 24<br><br>"Armstrong's agreement with the UCI, . . . is the operative agreement in this case."  Am. Compl. ¶ 55(a)(i) | Mr. Armstrong has an obligation independent of the UCI ADR to arbitrate these disciplinary proceedings under the USA Cycling and USA Triathlon rules to which he agreed and which obligate him to the USADA Protocol and arbitration under the USADA Protocol.  Mr. Armstrong has an obligation independent of the UCI ADR to arbitrate under the USOC National Anti-Doping Policies which obligate members and licensees of USA Cycling and USA Triathlon, and members of the USADA RTP to the USADA Protocol and arbitration under the USADA Protocol.   Mr. Armstrong is also obligated to arbitrate with USADA under the USADA Protocol by the UCI ADR which provides that "[i]f an anti-doping violation where no Sample collection is involved is discovered by another Anti-Doping Organization, the anti-doping rules of that Anti-Doping Organization shall apply." | See Affidavits of Rana Dershowitz and Travis Tygart and USADA Brief in Support of its Motion to Dismiss and relevant rules attached thereto. |
| 9. ". . . Mr. Armstrong's license agreements with UCI prior to 2004 made no reference to USADA . . . "  Am. Compl. ¶ 26 | Mr. Armstrong did not have license agreements exclusively with UCI.  Mr. Armstrong's license applications were always made to USA Cycling and made him subject to USA Cycling rules.  From at least 2001 USA | See USA Cycling Rules and license applications attached to the Affidavit of Molly Tomlonovic submitted as Exh. 4 to MTD. |

2

| Allegation | Correction | Source for Correction |
|---|---|---|
| | Cycling rules referenced the obligations of USA Cycling members to USADA and the applicability of the USADA Protocol. | |
| 10. ". . . the charges contravene USADA's statute of limitations. . ." Am. Compl. ¶ 30(a) | As indicated in USADA's letters to Mr. Armstrong, the eight year statute of limitations found in the World Anti-Doping Code may be tolled by wrongful conduct such as fraudulent concealment and perjury.  In any case, USADA has plainly alleged anti-doping rule violations within the eight year period since USADA's letters. | June 12, 2012, Letter from Lisa McCumber (at p. 14) attached as Exh. 1 to the Affidavit of Tim Herman.  June 28, 2012, Letter from Lisa McCumber (at pp. 5-6) attached as Exh. 13 to the Affidavit of Tim Herman. |
| 11. "The WADA Code requires that any reduction of an athlete's period of ineligibility must take place only after charges have been brought and the period of ineligibility has been determined, and after affording UCI its notice and appeal rights." Am. Compl. ¶ 30(b) | This is an inaccurate description of Article 10.5.3 of the World Anti-Doping Code which does not limit the timing of a substantial assistance reduction and does not require UCI to be given appeal rights in advance of a reduction. | World Anti-Doping Code Article 10.5.3 – part of Exh. 48 (at pp. 58-60) to the Affidavit of Tim Herman. |
| 12. "Apart from violating the WADA Code, inducements to witnesses by Defendants raise serious concerns under federal criminal law of violations of the federal bribery statute . . ." Am. Compl. ¶ 30(b) | Both USADA and the USOC have had independent legal review of allegations raised by Armstrong's counsel beginning in 2007 that a substantial assistance reduction under Article 10.5.3 of the World Anti-Doping Code could violate the federal bribery statute and concluded that the contentions of Armstrong's counsel are unfounded. | Affidavit of Travis Tygart submitted as Exh. 3 to MTD. |
| 13. "Defendants violated the rules by circumventing the process of its own Review Board. . ." Am. Compl. ¶ 30(c) | A panel of the Anti-Doping Review Board met, considered USADA's notice letter to Mr. Armstrong, requested additional evidence from USADA, gave Mr. Armstrong's counsel the opportunity to respond to the evidence requested from USADA and issued a recommendation that USADA proceed with the case against Mr. Armstrong. | See the following exhibits to the affidavit of Tim Herman: Exh. 1 (letter from USADA informing Mr. Armstrong of the Review Board process and of his right to make a submission); Exhs. 4, 8 (Mr. Armstrong's initial submissions Review Board); Exh. 10 (Review Board request for additional evidence); Exhs. 11, 12  (Mr. Armstrong's additional submissions to Review Board); Exh. 13 (letter from USADA attaching Review Board recommendation). |
| 14. ". . . the Review Board is to serve as a grand-jury like screening mechanism . . ." Am. Compl. ¶ 30(c) | The Review Board hears no witness testimony and issues no charges.  The Review Board makes a written recommendation | USADA Protocol  Clause 11(c) part of Exh. 39 (at pp. 10), Clause 14 (at p. 13) to the |

| Allegation | Correction | Source for Correction |
|---|---|---|
| | based only upon a review of written documents concerning whether there is sufficient evidence for USADA to proceed with the case.  Nothing done at the Review Board stage may be raised at any later stage of the proceedings. The Review Board process may be unilaterally eliminated by USADA if USADA determines that there is not sufficient time for the Review Board process to occur in advance of a protected competition. | Affidavit of Tim Herman. |
| 15. "As to Mr. Armstrong, however, the Review Board was composed of members hand-picked by Defendant Tygart. . ." Am. Compl. ¶ 30(c) | The USADA Protocol requires that the USADA CEO is to designate the members of the Review Board to consider each case; no special procedures were employed for Mr. Armstrong's case. | USADA Protocol  Clause 11(a) part of Exh. 39 (at p. 9) to the Affidavit of Tim Herman. |
| 16. "the Review Board . . . engaged in ex parte communications with Defendants. . ." Am. Compl. ¶ 30(c) | This allegation implies that the Review Board engages in an adjudicatory process in which communication between USADA and the Review Board is barred.  To the contrary, the USADA Protocol provides that "the process before the Review Board shall not be considered a 'hearing'" and requires that USADA facilitate communications between the Review Board and the Athlete.  Submissions to the Review Board are made "through USADA" and the Review Board is entitled to "request additional information from either USADA or the Athlete or other Person." | USADA Protocol  Clause 11(c) part of Exh. 39 (at pp. 9-10) to the Affidavit of Tim Herman. |
| 17. "the Review Board . . . failed to issue a considered evaluation of the evidence." Am. Compl. ¶ 30(c) | The Review Board issued a written confirmation that it had reviewed the information submitted to it and found sufficient evidence of doping violations to proceed with the adjudication process. | Exh. 13 (letter from USADA attaching Review Board recommendation) to the Affidavit of Tim Herman. |
| 18. ". . . Mr. Armstrong's objection to jurisdiction and response to the charges were not given meaningful consideration by the review Board." Am. Compl. ¶ 30(c) | There is no basis for the assertion that the Review Board did not engage in meaningful consideration of Mr. Armstrong's submissions. | Exh. 13 (letter from USADA attaching Review Board recommendation) to the Affidavit of Tim Herman. |
| 19. "Defendants exercise powers traditionally exclusively reserved to the State." Am. Compl. ¶ 32<br><br>"USADA otherwise fulfills functions ordinarily reserved exclusively to the State."  Am. Compl. ¶ 67 | "The USOC has given USADA full authority to execute a comprehensive national anti-doping program encompassing testing, adjudication, education, and research, and to develop programs, policies and procedures in each of these areas." | Affidavit drafted for *Armstrong v. SCA Promotions* arbitration by legal counsel for Lance Armstrong and signed by Travis Tygart, p. 2.  Attachment to Tygart Aff. submitted as Exh. 2 to |

4

| Allegation | Correction | Source for Correction |
|---|---|---|
|  |  | USADA's MTD. |
| 20. "USADA is . . . acting as a regulator under an express grant of power from Congress. . ." Am. Compl. ¶ 33<br><br>"USADA acts as a regulator under an express grant of power from Congress . . ." Am. Compl. ¶ 67 | "The USOC has given USADA full authority to execute a comprehensive national anti-doping program encompassing testing, adjudication, education, and research, and to develop programs, policies and procedures in each of these areas." | Affidavit drafted for *Armstrong v. SCA Promotions* arbitration by legal counsel for Lance Armstrong and signed by Travis Tygart, p. 2. Attachment to Tygart Aff. submitted as Exh. 2 to USADA's MTD. |
| 21. "Mr. Armstrong would . . . have no guarantee of a hearing by the tribunal with final say over Defendants' charges." Am. Compl. ¶ 43<br><br>". . . the absence of a right to a hearing upon appeal to CAS. . ." Am. Compl. ¶ 73 | CAS has afforded a hearing to every individual who has ever requested one in a doping case. | Affidavit of Matthieu Reeb attached to the Affidavit of Travis Tygart submitted as Exh. 2 to MTD. |
| 22. "Mr. Armstrong would . . . have no right to cross-examine witnesses and confront his accusers." Am. Compl. ¶ 44<br><br>". . . the absence of a right to cross-examine and confront his accusers. . ." Am. Compl. ¶ 73 | To the contrary, the AAA procedural rules specifically provide that the adverse party may cross-examine the witnesses against him, providing that "[w]itnesses for each party shall also submit to questions from . . . the adverse party." | USADA Protocol Annex D (American Arbitration Association Supplementary Procedures for the Arbitration of Olympic Sport Doping Disputes) R-27 (at p. 69) in Exh. 39 to the Affidavit of Tim Herman.<br><br>See also the Affidavit of Matt Barnett attached to the Affidavit of Travis Tygart submitted as Exh. 2 to MTD. |
| 23. "The panel can also simply accept testimony by affidavit, preventing Mr. Armstrong from confronting his accusers." Am. Compl. ¶ 44 | This a gross overstatement; the AAA procedural rules specifically provide that the "arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it entitled after consideration of any objection made to its admission." | USADA Protocol Annex D (American Arbitration Association Supplementary Procedures for the Arbitration of Olympic Sport Doping Disputes) R-29 (at p. 70) in Exh. 39 to the Affidavit of Tim Herman. |
| 24. "Defendants' have in past proceedings, permitted a witness to refuse to answer questions on cross-examination from an athlete's attorney, and yet denied respondent's motion to strike his | Defendants do not make procedural or evidentiary rulings in the arbitration hearings. Such rulings are made by the arbitrators. | USADA Protocol Annex D (American Arbitration Association Supplementary Procedures for the Arbitration of Olympic Sport Doping Disputes) R-27 and R-28 (at |

5

| Allegation | Correction | Source for Correction |
|---|---|---|
| testimony." Am. Compl. ¶ 44 | | pp. 69- 70) in Exh. 39 to the Affidavit of Tim Herman. See also the Affidavit of Matt Barnett attached to the Affidavit of Travis Tygart submitted as Exh. 2 to MTD. |
| 25. "Mr. Armstrong would have no right to an impartial arbitration panel." Am. Compl. ¶ 45 | In fact, the AAA procedural rules provide that Mr. Armstrong would have a right to an impartial arbitration panel and arbitrators may be disqualified for "any circumstance likely to affect impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives." | USADA Protocol Annex D (American Arbitration Association Supplementary Procedures for the Arbitration of Olympic Sport Doping Disputes) R-14 (at p. 67) in Exh. 39 to the Affidavit of Tim Herman. |
| 26. "Absent [witness] statements, Mr. Armstrong's counsel will lack the ability, fundamental to any trial lawyer, to effectively cross-examine his accusers." Am. Compl. ¶ 48 | As Mr. Armstrong's own complaint alleges, the requirement to turn over witness statements only applies in criminal proceedings, not civil matters. Therefore, by Plaintiff's own admission there exists no fundamental right to the disclosure of witness statements. | Amended Complaint ¶ 48. |
| 27. "There is no right to obtain full disclosure of laboratory analyses. . ." Am. Compl. ¶ 49<br><br>". . . the failure to provide full disclosure of laboratory analysis. . ." Am. Compl. ¶ 73 | To the contrary, the USADA Protocol requires any positive test result to be accompanied by a substantial documentation package. | USADA Protocol Annex C in Exh. 39 to the Affidavit of Tim Herman. |
| 28. "There is . . . no right to an impartial assessment of whether laboratory testing procedures are accurate." Am. Compl. ¶ 49<br><br>". . . the lack of impartial assessment of the accuracy of laboratory testing procedures. . ." Am. Compl. ¶ 73 | To the contrary, the issue of whether laboratory testing procedures are accurate is an issue that may always be raised in arbitration. | See generally USADA Protocol Annex D (American Arbitration Association Supplementary Procedures for the Arbitration of Olympic Sport Doping Disputes) in Exh. 39 to the Affidavit of Tim Herman. |
| 29. "training its own arbitrators" Am. Compl. ¶ 55(a)(vi) | All arbitrators in the Arbitrator Pool have received training by the AAA. | USADA Protocol Annex D (American Arbitration Association Supplementary Procedures for the Arbitration of Olympic Sport Doping Disputes) R-3 (at p. 63) in Exh. 39 to the Affidavit of Tim Herman. |
| 30. "UCI's exclusive jurisdiction over | No provision gave UCI exclusive jurisdiction | See Affidavits of Rana |

| **Allegation** | **Correction** | **Source for Correction** |
|---|---|---|
| alleged doping violations by Mr. Armstrong prior to 2005. . ." Am. Compl. ¶ 58<br><br>"USADA has proceeded with its charges in contravention of the UCI rules . . ." Am. Compl. ¶ 59 | over doping violations by Mr. Armstrong. Mr. Armstrong was required as well to comply with applicable rules of USA Cycling, USADA and the USOC, including the anti-doping rules of these organizations. | Dershowitz and Travis Tygart and USADA's Brief in Support of its Motion to Dismiss. |