UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Lance Armstrong,<br><br>*Plaintiff,*<br><br>v.<br><br>United States Anti-Doping Agency, *et al.*,<br><br>*Defendants.* | Civ. Action No.1:12-cv-00606-SS |

# AFFIDAVIT OF TIMOTHY J. HERMAN, ESQ.

I, Timothy J. Herman Esq., hereby declare and state as follows:

1. I am admitted to practice law before the Western District of Texas and represent the Plaintiff, Lance Armstrong, in the above captioned matter. I make this Affidavit based on my personal knowledge as counsel to Plaintiff, derived from my understanding and review of information, documents, and materials that are the subject of this proceeding.

2. Attached as Exhibit A is a true and correct copy of a letter from Stephen Hess, counsel for USA Cycling, to William Bock, General Counsel of USADA, dated August 17, 2012, which was copied to, among others, counsel for Mr. Armstrong.

3. Attached as Exhibit B is a true and correct copy of a letter from Pat McQuaid, President of UCI, to Steve Johnson, President of USA Cycling, dated August 16, 2012, a copy of which was attached to the August 17th letter from Mr. Hess to Mr. Bock attached as Exhibit A.

\* \* \* \* \*

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 17, 2012.

_____
Timothy J. Herman, Esq.

State of Texas           §

County of Travis         §

SWORN AND SUBSCRIBED TO before me by Timothy J. Herman, Esq. on August 17, 2012.



_____
Notary Public in and for the State of Texas

Seal:

# EXHIBIT A

# Sherman & Howard L.L.C.

ATTORNEYS & COUNSELORS AT LAW
90 SOUTH CASCADE AVENUE, SUITE 1500
COLORADO SPRINGS, COLORADO 80903-4576
TELEPHONE: (719) 475-2440
FAX: (719) 635-4576
WWW.SHERMANHOWARD.COM

Stephen A. Hess
Direct Dial Number: (719) 448-4042
E-mail: SHess@ShermanHoward.com
*also admitted in New Mexico

August 17, 2012

Via email [WB@usada.org]

William Bock, III, General Counsel
United States Anti-Doping Agency
5555 Tech Center Drive, Suite 200
Colorado Springs, CO  80919

Re:   USA Cycling, Inc.

Dear Bill:

I am writing on behalf of USA Cycling with respect to the ongoing dispute over USADA's assertion of charges against Lance Armstrong.

Let me begin by affirming USAC's commitment to eliminate doping wherever it can be found in cycling.  USAC has supported measures ranging from education of athletes to aggressive testing of competitors (in and out of competition) to UCI's innovative and important "biological passport" program.  It is unfortunate that what seems to be an important but esoteric legal issue about jurisdiction has turned into a public relations battle in which an entity's position is publicized and then equated with whether the sport should be clean or not. Unequivocally and without reservation, doping should be eliminated from cycling at every level, and USA Cycling supports this sport's ongoing efforts toward that goal. Those efforts are unmatched by any other sport in the world.

With respect to that esoteric legal issue, attached please find a letter from Pat McQuaid to Steve Johnson articulating UCI's position with respect to USADA's jurisdiction, and asking that we apprise USADA of our position in this matter.  As you aware, USAC is not only a National Governing Body recognized by USOC with obligations in that capacity, but it is also a National Federation recognized by UCI, whom the IOC in turn recognizes as the International Federation that governs cycling.  In UCI's capacity as the IOC-recognized International Federation for cycling, USAC believes that UCI has the power to express its interpretation of WADA's Anti-Doping Code, its application to international cycling events, and the Code's jurisdictional provisions in matters within the scope of its authority.  Accordingly, to the extent that USADA asserts that it has the capacity to act under UCI authority through USA Cycling, UCI has a diametrically opposite view, and USADA's assertion that it is acting on behalf of UCI (through USA Cycling) is not consistent with UCI's own interpretation of the meaning and effect of UCI's anti-doping commitments and responsibilities.  When acting as a National

# Sherman & Howard L.L.C.

William Bock, III
August 17, 2012
Page 2

Federation of the UCI, USAC is bound by that interpretation in matters involving international cycling doping control.

    I understand USADA's assertion that its jurisdiction can be anchored outside UCI's rules and the importation of those rules into USAC's governance. USAC does not intend the comments above to apply outside the scope of UCI's governance of doping as allocated by the WADA Code. USAC understands that several of the targets USADA has identified are not USA Cycling license holders, are outside USA Cycling's control, and it is not USAC's role to argue jurisdictional issues involving such parties. In addition, USAC understands that there are substantial disagreements concerning whether USADA's charges involve test results over which UCI has jurisdiction, or involve violations that were discovered by USADA. USAC does not intend to express any opinion on those arguments, as USAC is not privy to any of the information on which a reasonable determination could be made, nor do any of the applicable rules even give USAC a role in adjudicating the jurisdictional issues at hand.

    Please let me know if you have any questions.

Sincerely,

*Stephen A. Hess*

Stephen A. Hess

SAH/jc
Enclosure
cc:   [all via e-mail]

      Steve Johnson, CEO USAC
      Sean Petty, COO USAC
      Bill Peterson, Chair, Board of Directors, USAC
      Pat McQuaid, UCI
      Philippe Verbiest, UCI
      Scott Blackmun, USOC
      Rana Dershowitz, USOC
      Mark Levinstein, Williams & Connelly

# EXHIBIT B



## INTERNATIONAL CYCLING UNION

President

USA Cycling
Mr. Steve Johnson
210 USA Cycling Point 100
Suite 100
Colorado Springs, CO 80919
USA

*Sent by email only*
*sjohnson@usacycling.org*

Aigle, 16 August 2012
Ref: Presidency

Re:  USADA v/ Johan Bruyneel e.a.

Dear Steve,

I come back on my letter of 3rd August 2012.

I received no answer to that letter and now that I was forwarded the transcript of the hearing of 10 August 2012 before the Western District Court of Texas as well as the affidavit by Mr Shawn O. Farrell I would like to insist that USA Cycling complies with UCI's request and also make the following points.

As explained in our correspondence with USADA and WADA and of which you received a copy, USADA has no jurisdiction for results management in the case against the six respondents: it is UCI that discovered the violation and the sample results that USADA invokes are all results from samples taken by the UCI. No testing by USADA is involved. USADA has no jurisdiction for testing in international races. In this respect and in view of the affidavit by Mr Farrell it must be specified that even when USA Cycling would have tested in an international race in the USA , such testing is governed by UCI rules, not USADA rules: article 4 ADR. USADA can test in national races only (and of course only after it was established and started testing), whereas the US Postal and Discovery Channel Teams as high level professional teams were not allowed to participate in national races (art. 2.1.005 of UCI's cycling regulations).

Therefore USADA cannot proceed. Under the UCI rules that are invoked by USADA as the basis for its jurisdiction and its proceedings, including at the hearing in Austin, USADA is acting on behalf of USA Cycling and USA Cycling is acting on behalf of UCI (see also articles 202 and 229-234 of UCI's Anti-Doping Rules (ADR). USA Cycling has to comply with ADR and with the powers of UCI under ADR and so has USADA. USA Cycling has no authority on its own in anti-doping cases under UCI rules and therefore USADA has neither.

In this case UCI made a request to investigate, not to open disciplinary proceedings: it is UCI's exclusive authority to decide whether after the investigation the case should be taken further and disciplinary proceedings opened.

The fact that USADA may have a different view of UCI's rules as USADA claimed during the hearing is not relevant: if UCI decides that they cannot proceed under UCI's rules USADA cannot proceed, whatever USADA's view on UCI's rules may be. In addition USA Cycling and therefore USADA are bound by UCI's interpretation of its rules.

The circumstance that it is USA Cycling that issues licences to riders and other participants domiciled in the USA does not change the above elements, on the contrary: this license is a UCI license as laid down in articles 1.1.001 et seq. of UCI's Cycling regulations and is governed by these rules. It is for obvious reasons that licenses are issued by the national federations to the persons domiciled in their respective countries.

It is clear that USADA has no jurisdiction in this case and also that USA Cycling has no jurisdiction:  USA Cycling and USADA can/could only do what UCI requested them to do. Such request was limited to an investigation into the case and did not comprise the decision on whether proceedings should be opened or not.

It is clear also that USADA cannot not rely on any delegation by USA Cycling as USA Cycling can delegate no more than what was delegated by UCI to USA Cycling and such delegation was limited to an investigation.

This should be clear to USADA and USADA should act or refrain to act accordingly.

Yet to the extent that USADA still would try to rely on any delegation by USA Cycling and insofar as necessary, we request USA Cycling to promptly instruct USADA that it has no authority to act or proceed on the basis of ADR or any other rule of the UCI or otherwise on behalf of UCI and/or USA Cycling, cannot act under a delegation from USA Cycling and must hand over the case to the UCI.

We await your confirmation and a copy of your instruction to USADA by return of mail.

Best regards,

Pat McQuaid
President